UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZEPHANIAH BULLOCK,<br><br>  Plaintiff,<br><br>  v.<br><br><br>WARDEN NEVENS, *et al.*,<br><br>  Defendants. | 3:14-cv-00195-RCJ-VPC<br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a temporary restraining order (#34). Having thoroughly reviewed the motion and other papers, the court recommends that plaintiff's motion be denied.

## I.  HISTORY & PROCEDURAL BACKGROUND

Zephaniah Bullock ("plaintiff"), who proceeds in this action *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Ely State Prison ("ESP"). Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged sexual misconduct by a High Desert State Prison ("HDSP") corrections officer (#1). Plaintiff further alleges that several HDSP officials were deliberately indifferent to his accusations regarding the misconduct. (*Id.* at 2.) In the instant motion, plaintiff seeks a temporary restraining order against various NDOC and ESP officials—none of whom is a party—as well as a transfer to another facility. (#34 at 2.)

## II.  DISCUSSION

A temporary restraining order should be limited to carrying out its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods v. Board of Teamsters & Auto Truck Drivers*, 415

1  U.S. 423, 439 (1974).  Injunctive relief may be granted if plaintiff shows: (1) a likelihood of
2  success on the merits; (2) likelihood of irreparable harm without injunctive relief; (3) the equities
3  balance in his favor; and (4) the injunction is in the public interest.  *Winter v. Natural Res. Def.*
4  *Council, Inc.*, 555 U.S. 7, 20 (2008); *Fyock v City of Sunnyvale*, 779 F. 3d 991, 995-96 (9th Cir.
5  2015).[1]

6  Preliminary injunctive relief is an "extraordinary and drastic remedy."  *Munaf v. Geren*,
7  553 U.S. 674, 689-90 (2008) (internal citations omitted).  A mandatory injunction that provides
8  relief "well beyond simply maintaining the status quo" is disfavored and should be denied by the
9  court "unless the law and the facts clearly favor the moving party."  *Stanley v. Univ. of S. Cal.*, 13
10 F.3d 1313, 1320 (9th Cir. 1994) (internal quotations omitted).  Courts have additional
11 considerations concerning injunctive relief sought in inmate civil rights actions.  The Prison
12 Litigation Reform Act ("PLRA") requires the relief be "narrowly drawn, extend no further than
13 necessary to correct the harm" found, and "be the least intrusive means necessary to correct that
14 harm."  18 U.S.C. §3626(a)(2).

15 Restraining orders may bind only "parties defendant in a suit" and individuals "in active
16 concert" with those defendants.  *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 112
17 (1969) (citing Fed. Rule. Civ. Proc. 65(d)) (finding an injunction improper when issued against a
18 nonparty unless he or she "participated" with defendants).  A federal court may not "attempt to
19 determine the rights of persons not before the court" and thus, it must "tailor the injunction to
20 affect only those persons over which it has power."  *Zepeda v. U.S. Immigration & Naturalization*
21 *Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) (internal quotations omitted).  Further, the Supreme
22 Court has recognized that preliminary injunctive relief must be of the "same character as that
23 which may be granted finally" and may not relate to "matter[s] lying wholly outside the issues in
24 the suit."  *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

---

[1] The standard applied for preliminary injunctive relief also governs temporary restraining orders. *V'Guara v. Dec*, 925 F. Supp 2d 1120, 1123 (D. Nev. 2013).

The court recommends that plaintiff's motion for a temporary restraining order (#34) be denied because the motion concerns non-parties to this case and matters outside the scope of his complaint. In his motion, Plaintiff claims he is at risk of being harmed and fears for his safety based on an alleged attack by ESP officials. (#34 at 1.) As a result, plaintiff requests a temporary restraining order against twenty-four ESP officials (#34). Yet, these officials are all new defendants, and the allegations of physical assault and conspiracy against them are not raised in the complaint. Indeed, plaintiff's complaint alleges sexual misconduct by an HDSP corrections officer and "deliberate indifference" by HDSP officials (#1). Therefore, injunctive relief is improper, and the court recommends the motion be denied.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that no basis exists for granting the plaintiff's request for a temporary restraining order against non-parties. Accordingly, the court recommends plaintiff's motion for a temporary restraining order (#34) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a temporary restraining order (#34) be **DENIED**.

**DATED**: July 2, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**